## WORTHINGTON *v.* THE STATE.

Where the regular term of the superior court of a certain county, which convened on the 12th day of July, was, by an order duly passed on the 14th of July, adjourned until the 1st day of November, and subsequently, during the recess intervening between the regular and the adjourned term, a special term of the court was called by order duly passed by the judge, a motion for a new trial made in a case tried at such special term should have been made before the adjournment thereof; and where it was not made until after the adjournment of the special term, the court did not err in refusing to certify and sign the same.

MARCH 19, 1910.

Motion for new trial. Before Judge Fite. Bartow superior court. September 13, 1909.

*M. B. Eubanks* and *W. B. Mebane,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Thomas C. Milner, solicitor-general,* by *George W. Stevens,* contra.

BECK, J.　The superior court of Bartow county met in regular session for the July term, 1909, on the 12th day of July, and continued in session until the 14th day of that month, on which latter date court was, by order regularly passed, adjourned until the first day of November following.　During the recess, on September 6th, the judge of that court passed an order, which was duly entered upon the minutes of the court, calling a special term of Bartow superior court, and requiring the grand and petit jurors duly empaneled at the regular July term to attend and serve as such during the special term; and in pursuance of this order the special term was convened on September 6th.　On September 7th the plaintiff in error was tried on indictment charging him with the offense of rape, and a verdict of guilty was rendered in the case.　On the following day the court announced from the bench that the special term was "adjourned for the term," and the clerk made the following entry upon the minutes: "The court adjourned for the term."　No order was signed by the judge adjourning the court, and the minutes containing the entry referred to were not signed. On the 13th day of September, 1909, counsel for the plaintiff in error submitted to the judge of the superior court a motion for a new trial.　The judge thereupon refused to sign and certify the motion, on the ground that the special term of the court at which the movant was tried had adjourned.　The movant excepted.

The Civil Code, § 5484, provides that "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had."　When the court announced from the bench that the special term was adjourned, and in pursuance of this an entry of the fact of adjournment was made by the clerk of the court on the minutes, the special term was at an end; and the motion for a new trial in a case disposed of at the special term, made and submitted to the judge after the adjournment of the special term, was not in accordance with the requirement of the statute that such applications must be made during the term at which the trial was held.

The special term, though held in the recess intervening between the regular July term and the adjourned term to be held in November, was not a part or a continuation of the regular July term, but it was a separate and distinct term of the court, convened and held under the provisions of the Civil Code, § 4345, which reads as

follows: "The judges of the superior courts of this State may, in their discretion, hold adjourned terms of said courts in every county within their respective circuits, when the business requires it to close the dockets, and may, in the exercise of a sound discretion, cause new juries to be drawn for the same, or order the juries drawn for the regular term to give their attendance upon such adjourned terms.; and such judges are authorized to hold special terms of said courts for the trial of criminals, or for the disposition of civil business, either or both, in any county of their circuits, at discretion, and to compel the attendance of grand or petit jurors, either of a previous term, or to draw new jurors for the same, according to the laws now in force."

A special term of the court held under the provisions of the section just quoted is a distinct entity within itself; it is in no sense merged into or made a part of the preceding regular term or the adjourned term which was provided for by the order passed at the regular term. And when the special term adjourned, it as effectually foreclosed the right of a party to a case tried at the special term, to make application for a new trial in such a case, as would the adjournment of a regular term of the court.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*