### 3727.   HORKAN *v.* BEASLEY.

1. Where a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid.

2. Section 4877 of the Civil Code (1910), which declares that "it shall be the duty of the judges of the superior and city courts to adjourn the regular and adjourned terms of said courts at least five days before the commencement of the next regular terms of said courts," is directory to the judges, and was not intended to take away from the presiding judge the inherent authority to control the continuance of a term of the court to meet the exigencies of the public business. An order or judgment rendered during a regular or adjourned term, and within less

18

than five days from the commencement of the next regular term, is not for that reason invalid.

DECIDED JULY 2, 1912.

Complaint; from city court of Moultrie—Judge McKenzie. August 29, 1911.

*Edwin L. Bryan,* for plaintiff.

*James Humphreys, G. C. Edmondson,* for defendant.

HILL, C. J. This was a suit on a promissory note, brought to the February term, 1911, of the city court of Moultrie, to which the defendant sought to set off an open account. The case was called for trial on June 13, 1911, which was at the May adjourned term of the court, when the plaintiff moved to strike the answer upon the ground that an open account could not be set off against an unconditional contract under seal. The court granted an order striking the answer, and thereupon allowed plaintiff to take judgment for the amount of the note. Subsequently, on August 10, just four days prior to the convening of the regular August term of 1911, the presiding judge, without any formal application, granted an order vacating the judgment rendered on June 13, 1911, and reinstating the defendant's answer, and on August 24 thereafter, by letter, advised the plaintiff's attorney of the grant of this order. Immediately upon receipt of this letter, the plaintiff, through his attorney, filed a written motion, asking that the order vacating the judgment be itself vacated and declared void, upon the ground that the judge had no jurisdiction to render it, as the term of court at which the original judgment was granted had ended. This motion the court overruled; and to the order vacating the judgment the plaintiff excepted, upon the ground that after adjournment by operation of law of the term of the court at which the judgment was rendered, the court had no power or authority to vacate, change, or in any way modify the same, said judgment being no longer in the breast of the court, and the court no longer having any power or authority to control it.

The order vacating the judgment was as follows: "G. A. Horkan *vs.* A. W. Beasley. Suit on note in the city court of Moultrie. June adjourned term, 1911. The above-stated case having been called in its regular order and there having been filed a set-off in said case, and, upon motion of plaintiff's counsel to strike the set-off on the ground that a set-off could not be filed to a suit on a note, the set-off being on account, and, before allowing the order,

stating to attorneys for both sides that in case the court should find any authority allowing the said set-off, the said case was to be reinstated and the judgment taken to be set aside, and it appearing to the court, upon authority presented, and while the court is still in session, that the same was error, it is hereby ordered that the judgment taken in said case stand upon docket as it was originally, ready for trial at the next term of the court as though no judgment had ever been taken. This the 10th day of August, 1911. J. D. McKenzie, Judge of the city court of Moultrie."

The order striking the defendant's answer is based solely upon the ground that the defendant was undertaking to set off an open account against a suit on an unconditional contract under seal. The order is not conditional and not dependent upon any change of mind which might subsequently be caused by the presentation of authority, and the judgment rendered on the note is in the usual form. The statement of the presiding judge, thereafter incorporated in his order of August 10, 1911, vacating his judgment and reinstating the plea, can not be accepted as in any manner qualifying the original order striking the defendant's plea and entering up final judgment in favor of the plaintiff. The statement made in the order of August 10, 1911, that "the court is still in session," it is insisted, should have no force and effect, in view of section 4877 of the Civil Code (1910), which declares: "It shall be the duty of the judges of the superior and city courts to adjourn the regular and adjourned terms of said courts at least five days before the commencement of the next regular terms of said courts." The proviso to this section, contained in the amendatory act of 1896 (Acts 1896, p. 49), making it inapplicable to any superior or city courts having as many as six terms per year, is not pertinent, as the city court of Moultrie is not within the class of courts covered by the proviso. The regular August term of the city court of Moultrie convened on August 14, 1911, and the order of the presiding judge, vacating his original judgment, was dated August 10, 1911, four days before the beginning of the August term of the city court of Moultrie. The plaintiff in error insists that under the section of the code above quoted, the June adjourned term of the city court of Moultrie adjourned automatically five days before August 14, 1911, and, therefore, that when the order of August 10 was passed, the June adjourned term was at an end, and he had no authority

to pass that order. It is well settled that after the expiration of the term at which a judgment is rendered it is out of the power of the court to amend it in any matter of substance, or in any matter affecting the merits. During the term the record is said to be in the breast of the judge; after it is over it is upon the roll. The power to amend nunc pro tunc is not revisory in its nature, and is not intended to correct judicial errors. Hence, the express judgment of the court, however erroneous, can not be corrected at a subsequent term. *McCandless* v. *Conley,* 115 *Ga.* 51 (41 S. E. 256); *Walkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807); *Dyson* v. *Southern Railway Co.,* 113 *Ga.* 327 (38 S. E. 749).

The question raised involves the construction of section 4877 of the Civil Code, supra. Is this section mandatory or directory? If mandatory, the June adjourned term of the court was at an end, and the order of the judge vacating his previous judgment was coram non judice. If the statute is simply directory, then the order vacating the judgment was valid. The language of the statute is that "it shall be the duty of the judges of the superior and city courts," etc.; but the use of the word "shall," in a statute, does not always make the statute mandatory. The word may be construed to be directory wherever the public interest or right is concerned. Courts have inherent power to control the times of adjournment, or to extend the terms as the business of the court may require, and this power should not be restricted, unless it is clear that it was the legislative intent that it should be. And where it might injuriously affect the public interest to construe the terms of a statute as imperative, such construction will not be adopted, if it can be avoided. Suppose the superior court or the city court were actually engaged in the trial of an important case which was not completed five days previous to the beginning of the next term, would it not seriously affect the public interest for the court to discontinue its term and render the trial nugatory? Or suppose the case on trial was of a criminal character, and not only the public interest, but the interest of the individual, demanded a speedy termination of the trial, was it intended by the legislature that the term of the court should, regardless of the public interest or individual rights, automatically terminate five days previous to the beginning of the next term of the court? The language of the statute is: "It shall be the duty of the judges," etc. Suppose the

judge should disregard this duty and continue the term to within a less number of days from the beginning of the next term because the business of the court demands it, would his action be illegal and the judgments entered after the' five days be nullities? We think not. The statutes of this State fix the time for the courts to be held and the terms to begin, and no court is held unless a judge is present to hold it, and the holding of the session of the court is postponed until the judge arrives and begins a session. *Perdue* v. *State,* 134 *Ga.* 305 (67 S. E. 810). In the *Perdue* case the law provided that Pike superior court should be held on the first Monday in every October, and that Henry superior court, which is in the same circuit and presided over by the same judge, should be held on the third Monday in every October, and the trial of that case, which was a murder case, was pending in Pike superior court at its October term, beyond the time when, under the law, Henry superior court should have convened, and the presiding judge continued the session of Pike superior court in order to complete the trial of the case. It was held by the Supreme Court that the two courts were not in session at the same time, and that the holding of Pike superior court on the third Monday in October was not illegal. While that decision is not exactly in point, it illustrates the power of the presiding judge to continue a session of the court until the trial of a pending case is concluded.

The purpose of the act codified in the section cited, supra, is simply the public convenience, and especially the convenience of the officers of the court in completing the minutes of the pending term and preparing for the business of the ensuing term; and where a statute requires an official act to be done by a given time for public purposes, it is generally construed as merely directory. In re Heath, 3 Hill, 42. It has been held that the most satisfactory and conclusive test of the question whether the provisions of a statute are mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished; in other words, whether it relates to matters material or immaterial, to matters of convenience or of substance. Gallup *v.* Smith, 59 Conn. 354 (22 Atl. 334, 12 L. R. A. 353). And the code section now under consideration, it seems to us, does not affect the substance of judicial action, but merely refers to matters of convenience, both as to the officers of the court and to those who

may have business in the court. It is held that statutes fixing the time for the doing of an act are considered generally as only directory, where the time is not fixed for the purpose of giving a party a hearing, or for some other important purpose; and where the statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, the provision as to time is generally directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not of itself render it invalid. See Gallup v. Smith, supra, and authorities cited in the notes, 11 L. R. A. 353.

It can not be said that a judgment rendered by a superior or city court in a case where such court has jurisdiction is invalid because the judgment was rendered within less than five days from the time when the next term of the court should commence. We think it very clear that the statute which is embodied in the code section now under consideration is merely directory, and must be construed in connection with the inherent power of the court to control its terms as the exigencies of the pending business require; and the fact that the June adjourned term of the city court of Moultrie was not finally adjourned by the presiding judge until four days before the beginning of the next term of the court, and the judgment complained of was rendered less than five days before that term, did not render the judgment invalid.

*Judgment affirmed.*