PERKINS *v.* NORRISTOWN (42) SCHOOL DISTRICT.
THOMPSON *v.* EBENEZER (12) SCHOOL DISTRICT.

The provision of the act of 1897 (Acts 1897, pp. 82-85) generally referred to as the validating act, and contained in sections 445 et seq. of the Civil Code of 1910, which prescribes the time within which the judge of the superior court shall fix the hearing on the petition to validate an issue of bonds, and the time within which he shall hear and determine the same, is directory only.

Nos. 2262, 2263. APRIL 14, 1921.

Questions certified by Court of Appeals (Cases Nos. 11316, 11317).

*I. W. Rountree,* for plaintiffs in error.

*Walter F. Grey, solicitor-general, A. S. Bradley,* and *A. A. & E. L. Meyer,* contra.

GEORGE, J. These cases came before this court on questions certified by the Court of Appeals. The questions and statement of facts preceding the same in one of the cases (being alike in the other) are as follows:

"On July 7, 1919, the solicitor-general of the Middle Circuit filed his petition in behalf of the State of Georgia, in the superior court of Emanuel county, calling upon the Ebenezer (12) School District of that county to show cause why a certain issue of district school bonds should not be validated according to law. The court on the same day passed an order assigning the cause for a hearing within twenty days, to wit, on July 26, 1919, at chambers at Louisville, Georgia, a point without the county of Emanuel, and directing that service be perfected as required by law. At the time and place thus appointed for the hearing the court passed an order validating said bonds. On September 25, 1919, the judge passed an order vacating the original rule nisi and the judgment

of court rendered at chambers, and assigned the cause for a hearing at the next regular term of the superior court of Emanuel county, to be held on October 13, 1919. At the hearing had at the regular term time of Emanuel superior court, J. R. Thompson, as intervenor, objected to the validation of the bonds, on the ground that while the said order of validation granted at chambers was void, yet, as more than twenty days had elapsed from the time of the presentation of the petition of the solicitor-general and the court's order of September 25, the court lost jurisdiction of the subject-matter, and that there was no authority in the court to vacate the original rule nisi and to reassign the cause for a hearing at the next regular term, since the provisions of section 446 of the Civil Code of 1910, directing the judge of the court to pass an order requiring the officers of the school district to show cause within twenty days of the filing of the petition, are mandatory and not directory, and the court had no authority to pass an order and to hear the cause at a time more than twenty days after the filing of the petition of the solicitor-general.

" 1. Is the provision of law embodied in § 446 of the Civil Code, making it the duty of the judge to issue his order requiring the defendant in the proceeding to show cause, ' within twenty days from the filing of the petition,' why the bonds should not be validated, mandatory, or merely directory?

" 2. If mandatory, would the rule be altered by the fact that the judge, in this case, sought to assume jurisdiction by setting the case for hearing at chambers in another county within the twenty days prescribed, and subsequently, after the expiration of the twenty days, vacated the original rule nisi and the order of validation entered thereon, and reset the case for hearing at the next regular term of court; it also appearing that no term of the superior court for that county had been held, either regular or special, between the time the original petition of the solicitor-general was filed on July 7th, and the second Monday in October next thereafter, which fact is recited in the final judgment of the court rendered at the regular term to which the case was reassigned? "

Question numbered 1 above is in principle controlled by the decision in *Spencer* v. *Columbus,* 150 *Ga.* 312 (103 S. E. 464), wherein it was held that " The provision of the act of 1897 (Acts

1897, pp. 82-85), generally referred to as the validating act, and contained in section 445 et seq. of the Civil Code of 1910, which prescribes the time within which 'the judge of the superior court shall fix the hearing on the petition to validate an issue of municipal bonds, and the time within which he shall hear and determine the same, is directory only." Since the provision contained in section 446 of the Civil Code, making it the duty of the judge to issue his order requiring the defendant in the proceeding to validate bonds to show cause, " within twenty days from the filing of the petition," why the bonds should not be validated, is merely directory, it is unnecessary to answer question numbered 2, certified by the Court of Appeals.        *All the Justices concur.*