28171.  DeLOACH *v.* THE STATE.

DECIDED JULY 16, 1940.

*W. A. Dampier,* for plaintiff in error.

*Stanley A. Reese, solicitor,* contra.

MacIntyre, J. The act creating the city court of Dublin (cited in the headnote) provides: "That the terms of said city court shall be monthly and quarterly. The monthly terms to be held ·on the second Monday in each month, and the quarterly terms to be held on the first Mondays in March, June, September, and December; provided, that the city court judge may, from time to time, change the time for holding said court, such change to be advertised one time in the newspaper where the sheriff's sales are published; such terms to be as nearly equidistant as convenience will admit. The terms of said court shall last until the business is disposed of; and the judge may set cases for trial at convenient times, and the same may then be tried as of term, whether court has been held from day to day until said time or not." The act further provides that "The judge of said city court may hold adjourned terms of said court when in his discretion the same is advisable, and the jurors summoned to the quarterly term immediately preceding such adjourned term shall serve at such adjourned term." The time for holding the monthly term of said court has been changed in the manner provided in section 19 from the second to the third Monday. On September 4, 1939 (first Monday), the court entered an order adjourning the September quarterly term until September 25, a date over and beyond September 18 (third Monday), which is now the time fixed by law for the holding of the regular September monthly term of said court, and the defendant was tried and convicted by a jury on Tuesday, September 26.

The defendant contends that the court had no jurisdiction to try him, for the reason that the September quarterly term of said court, which convened on the first Monday in September, had been adjourned by operation of law five days before the convening of the September monthly term of court, to wit, September 13, five days before September 18 (the third Monday), 1939; in other words, that the quarterly term of the city court could not be recessed or adjourned from the regular date of convening, which was the first Monday in September, until the fourth Monday in September, 1939, because the quarterly term of said court was ad-

journed by operation of law five days before the convening of the September monthly term, which was the third Monday in September, 1939; the contention being, in short, that the intervening of the monthly term was of such a character as, by operation of law, to adjourn the quarterly term five days before the convening of the next monthly term. To this we can not agree. In *Haden* v. *State*, 176 *Ga*. 304, 306 (168 S. E. 272), it appeared that "In Bibb County the four regular terms of the superior court convene respectively in February [January?], April, July, and November. It is provided in sec. 3 of the act of 1905 (Ga. L. 1905, p. 88) 'That the judge shall only draw a grand jury for the April and November terms of said court [which might be termed the grand-jury terms]; provided that the presiding judge, in his discretion, may require the attendance of the grand jury at the January and July terms [which might be termed ordinarily the non-grand jury terms], or either of them, if the business of the court should require it; but the duties of said grand jury shall not require them to perform any other service than they shall be by the presiding judge especially charged with.' At the February [January?] term a grand jury was drawn to serve at the April term. That term extended to July 14, when it was adjourned, the grand jury having been discharged four days previously. The July term ensued for which no grand jury was provided. The term could have been continued until five days before the beginning of the November term. . . This provision of law authorized the judge, in his discretion, to call the special term and to compel the attendance of the grand jury that served at the April term, notwithstanding it was called during the July term and the April term did not 'immediately precede' the special term."

It seems to us that in a large county the size of Laurens, over which the city court of Dublin has jurisdiction, it is hardly probable that the legislature by the act of 1900 intended to fix the quarterly term, in which all jury cases were to be tried, on the first Mondays in March, June, September, and December, and then, by fixing the second Monday in each month as the monthly term, to require by operation of law the quarterly term to adjourn within two days after its convening; for if, according to the contention of the defendant, the quarterly term were to adjourn five days before the monthly term, that is five days before the second Monday in

each month (the date of the convening of the monthly term), the date of adjourning would be only two days after the convening of the quarterly term. Thus no regular quarterly term of said city court could be over two days long, and the court would have to try all other quarterly-term cases, which were not disposed of in these days, by a special term. It will be noted that the act of 1900 provides (section 17) that "where more than fifty dollars principal is involved, and an issuable defense is filed on oath, and a jury is demanded, such case shall be *transferred* to the next quarterly term of said court, and shall there stand for trial by a jury [italics ours]. Ordinary suits brought to said monthly sessions shall be filed in the clerk's office of said court at least fifteen days before the term to which they are returnable, and the same shall be served at least ten days before said term. All other causes and proceedings must be brought to the quarterly terms, and stand for trial at the first or second term, as similar causes would be tried in the superior courts." (These cases would have to be brought at least twenty days before the term to which they are brought, and be served at least fifteen days before the first day of the term and within five days from the time the clerk receives the original petition.) Upon a careful reading of the act creating the city court of Dublin, it seems to us that the monthly term held under the provisions of the act is a distinct entity in itself; and although presided over by the same judge, yet is in no sense merged into or made a part of the preceding regular quarterly term or the adjourned term which was provided for by the order at the regular quarterly term. *Worthington* v. *State,* 134 *Ga.* 261, 263 (67 S. E. 805) ; 15 C. J. 885, § 236 (91) ; *Horkan* v. *Beasley,* 11 *Ga. App.* 273 (2) (75 S. E. 341) ; *Fussell* v. *State,* 11 *Ga. App.* 843 (76 S. E. 597). It should be noted that the monthly and quarterly terms under the act creating the city court of Dublin had different jurisdictions as to subject-matter and different rules of procedure as to the time of filing suits and answers and other procedural matters. The city court of Dublin had jurisdiction to try the defendant; and the judge did not err in refusing to vacate and set aside the judgment of conviction of cheating and swindling.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*