CITY OF ROME *v.* RIGDON.

No. 13773.   SEPTEMBER 9, 1941.

*Lanham & Parker,* for plaintiff in error.

*Maddox & Griffin* and *J. L. Wallace,* contra.

ATKINSON, Presiding Justice. The questions for consideration relate exclusively to bar by the statute of limitations of an action against a municipal corporation, for damages caused by injury to the person. It is declared in the Code, § 3-1004: "Actions for injuries to the person shall be brought within two years after the right of action accrues." This law was in force at the time of the passage of the act approved December 20, 1899, which now appears in the Code, § 69-308, and was the only applicable statute of limitations for injuries to the person. The act of 1899 stated: "No

person, . . having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment: Provided, that upon the presentation of such claim said governing authority shall consider and act upon the same within 30 days from said presentation, and that the action of said governing authority, unless it results in the settlement thereof, shall in no sense be a bar to a suit therefor in the courts: Provided, that the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part." The term "statute of limitations" so employed, though not expressly naming it, contemplates Code § 3-1004, and both sections should in the circumstances of the instant case be construed in all their parts and applied as one law, and effect given to every part. The Code, § 69-308 (Ga. L. 1899, p. 74), does not purport to curtail the two-year period of limitations, in actions for personal injuries, as provided in § 3-1004. It requires that as relates to municipal corporations ante lite claims, prepared as fully set forth, shall be presented to the governing authority for adjustment, and inhibits commencement of action against municipalities until such claims shall have been presented. On this point all the decisions of this court agree. *Saunders* v. *Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978) ; *City of Columbus* v. *McDaniel,* 117 *Ga.* 823 (45 S. E. 59) ; *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133) ; *City of Tallapoosa* v. *Brock,* 138 *Ga.* 622 (75 S. E. 644) ; *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423) ; *Maryon* v. *Atlanta,* 149 *Ga.* 35 (99 S. E. 116). The above provisions as to presentation of claim are followed by proviso number one, which declares that upon presentation of the claim the governing authority "shall consider and act upon the same within 30 days from said presentation."

It will be observed that length of time in which to consider and

act upon the claim as mentioned has reference to consideration and action by public officers as affecting the public interest. It is not declared that the governing authority may not consider and act upon the claim after thirty days have elapsed. It could be to the public interest to have longer than thirty days. The object is to facilitate adjustment without suit, and there is no express withdrawal of power to consider and act. In this view, the quoted part of the first proviso is merely directory, and not a limitation of authority. *Horkan* v. *Beasley*, 11 *Ga. App.* 273 (75 S. E. 341); *Spencer* v. *Columbus*, 150 *Ga.* 312, 314 (103 S. E. 464); *Perkins* v. *Norristown School District*, 151 *Ga.* 414 (107 S. E. 42); *Willcox* v. *Beechwood Band Mill Co.*, 166 *Ga.* 367 (143 S. E. 405); 37 C. J. 686, § 6. This proviso number one is followed by the second proviso which declares that "the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part." In the instant case the injury occurred on January 23, 1938. The claim was presented on January 19, 1940, but was not acted upon. Suit was instituted on February 24, 1940. Comparison of these dates shows that if thirty days only is allowed on account of suspension of the statute of limitations, the action was not instituted until one day more than two years after the injury occurred. The part of proviso number one "shall consider and act upon the same within 30 days from said presentation," considered with the context being directory only, and not mandatory or a limitation of authority, the governing authority in the instant case was authorized to consider and act upon the claim after 30 days from presentation of the claim. This being so, and the governing authority not having considered and acted upon the claim when the action was commenced, it must follow that the claim was still pending before the governing authority. 31 Words and Phrases, 640. As the claim was *still pending* under the plain and unambiguous language of proviso. number two, quoted above, the statute of limitations was suspended not merely for thirty days (no action on the claim having been taken) but after thirty days up to the institution of suit. The statute could have said suspended for only thirty days, but instead it said "suspended during the time that the demand for payment is *pending* before such authorities without action on their part." If it be suggested that the municipality, by holding up the claim

beyond thirty days, could enable plaintiff to defer bringing action a long and indefinite time, it need only be said that it is the governing authority and not the plaintiff who would be responsible for any such delay, and that all that is required to set again the running of the statute is for the governing authority to pass upon the claim, as it was intended by the legislature that it should do. It was not intended by the legislature that a municipality by refusing or omitting to act upon the claim could thereby delay or prevent institution of suit, and have the statute of limitations operative against the other party during the same period. As to whether and under such circumstances the plaintiff's claim might become stale, although not barred by the statute of limitations, is not now for decision. If it be contended that failure to act in thirty days from presentation of the claim gives rise to a conclusive and unrebuttable presumption that the claim was refused, such contention would state a wrong conclusion. Refusal of the claim imports action on the claim, and there is inconsistency in the proposition.

But aside from this, as the provision of the statute specifying the thirty days is merely directory, and the claim if not acted upon would be still pending after thirty days, no presumption could arise during such pendency by mere lapse of thirty days that the governing authority had considered and refused the claim. Much less could a conclusive and unrebuttable presumption arise from such lapse of time. The petition to which the demurrer relates alleges that the governing authority did not act upon the claim before commencement of the action. If it should be contended that the action is barred because the plaintiff could have filed suit immediately after expiration of thirty days from the date of presenting the claim, even though the governing authorities may not have acted thereon, the answer would be: Even if the plaintiff could have sued immediately after expiration of such period, she was not obliged to do so, but could abide delayed action by the governing authorities, relying on the Code, § 69-308, to do what it said, to wit, suspend the statute of limitations "during the time that the demand for payment is pending before such authorities without action on their part." It is true, as a general rule, that a statute of limitations runs and continues to run from the time that a complete cause of action arose; that is, from the time that plaintiff could have sued. The vice in the theory last mentioned, how-

ever, is that it seeks to apply this rule or test as though it stood without exception or qualification. As applied to this case, there is an exception or qualification. It is found in the second proviso of § 69-308, just quoted. In other words, when the plaintiff, though having the right to sue immediately after expiration of the thirty-day period, nevertheless did wait longer pending action on the demand by the municipal authorities, she did so by permission of the law as well as under guaranty of the law that so long as the claim was pending without action the statute would not run against her. It necessarily follows that her case is not to be governed by the general rule as to computing the limitation period from the time the cause of action accrues, but that it is governed by the exception or qualification indicated, so far as relates to the statute of limitations.

The foregoing construction and application considers and gives effect to all the provisions of the statutes mentioned. Applying them to the case at hand, the action does not appear to be barred by the statute of limitations. The case of *Peterson* v. *Georgia Railroad & Banking Co.*, 97 *Ga.* 798 (25 S. E. 370), holding that the statute of limitations commenced to run in favor of the railroad company on the date of the injury, and that the action was barred, was decided before the act of 1899, supra, and did not involve the question of suspension of the statute of limitations as relates to municipal corporations, or a defendant that was protected by the statute from suit. *Saunders* v. *Fitzgerald,* supra, was decided on demurrer to the petition. The record of file in this court shows allegation that the injury occurred on January 9, 1899, and suit was brought to the October term, 1900. No question of bar by the statute of limitations was or could have been made. If the question of bar had been raised and the court had been called upon to deal with the question of suspension of the statute of limitations pending the claim presented but not acted upon by the governing authorities, the court would no doubt have held that the statute of limitations was suspended, and that the action was not barred. The foregoing sufficiently deals with all the assignments of error in the petition for certiorari. The judgment was not erroneous for any of the reasons assigned.

> *Judgment affirmed. All the Justices concur, except*

REID, Chief Justice, dissenting. It is conceded in the majority

opinion "that as a general rule a statute of limitations runs and continues to run from the time that a complete cause of action arose; that is from the time the plaintiff could have sued." It seems also to be conceded that suit might have been brought upon the expiration of the thirty-day period, but it is reasoned that the plaintiff was not obliged so to do.

Although, as to the governing authorities, the provision that the municipality "shall consider and act upon the same within thirty days" may be, as in the majority opinion treated, directory only, it still must be determined what effect the act had on the statute of limitations, which was otherwise operative under the law. It is true that it is provided that the limitation statute shall be suspended while the claim is pending before the municipality, but it also provides that the claim shall be acted on within thirty days; and, as pointed out by Judge Felton in his dissenting opinion in *City of Atlanta* v. *Truitt,* 55 *Ga. App.* 365, 367 (supra), this meant no more than to give credit in computing the time of limitation to this period. It did not mean otherwise to enlarge the time.