O'NEAL *et al. v.* SPENCER.

CANDLER, Justice. Marvin O'Neal and others, as citizens and taxpayers of the City of Savannah, filed a proceeding in the nature of a quo warranto to inquire into the right of Frank W. Spencer to hold office as a member of the Board of Public Education for the City of Savannah and Chatham County. Briefly, the petition alleged: The appointment of Captain Spencer was null and void, because section 2 of the act of 1933 (Ga. L. 1933, p. 1067), under which he was appointed by the Mayor and Council of the City of Savannah provides: "That during the last thirty-day period preceding the expiration annually of the terms of office of two members of said board, the successors to said two members shall be chosen as follows: The Mayor of the City of Savannah shall submit a nomination or nominations to the City Council of Savannah, and said City Council shall elect from the nomination or nominations thus submitted, one member of said Board of Public Education for a term of six years." The period during which he could have been legally appointed was the thirty days immediately preceding December 31, 1947, but the appointment was made November 28, 1947. The exception here is to a judgment sustaining a general demurrer, which assailed the petition for failing to state a cause of action for the relief prayed. *Held:*

1. "A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." Code, § 102-102 (6).

2. The judge did not err in sustaining the general demurrer when he applied to the allegations of the petition in the instant case the principle of law announced in *Horkan* v. *Beasley,* 11 *Ga. App.* 273 (75 S. E. 341), *Spencer* v. *Columbus,* 150 *Ga.* 312, 314 (103 S. E. 464); *Perkins* v. *Norristown School District,* 151 *Ga.* 414 (107 S. E. 42), *Willcox* v. *Beechwood Band Mill Co.,* 166 *Ga.* 367 (143 S. E. 405), and *City of Rome* v. *Rigdon,* 192 *Ga.* 742, 746 (16 S. E. 2d, 902). The rule as announced in *Horkan* v. *Beasley,* supra, and followed by this court in the cases cited above, is that, "Where a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid." There is no provision in the act which would render the respondent's appointment void unless made within the time fixed by the terms thereof. His appointment, being otherwise valid, is not void because the mayor and council made the appointment three days before they were authorized to do so under the directory terms of the act, and that is especially true in the absence of any allegation in the petition that the petitioners have been injured in any way by the action complained of. *Judgment affirmed. All the Justices concur.*

No. 16165. APRIL 16, 1948.

*Lawrence J. Dwyer, Robert E. Falligant,* and *Marvin O'Neal Jr.,* for plaintiffs.

*Fred B. Davis* and *John C. Wylly,* for defendant.