SCHOOLS
Under the provisions of 70 O.S. 5-107A [70-5-107A](G) (1978), a board of education of an independent school district, presently consisting of nine members, may legally reorganize into a seven member board and redistrict into seven election districts where such reorganization has not previously occurred as contemplated by law. However, such redistricting may only be commenced by the appropriate county election board pursuant to its responsibilities as defined by this statute. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under the provisions of 70 O.S. 5-107A [70-5-107A](G) (1978), may a board of education of an independent school district, presently consisting of nine members, legally reorganize into a seven member board and correspondingly redistrict into seven election districts? Title 70 O.S. 5-107A [70-5-107A] (1978) is a provision enacted in 1972 pertaining to boards of education for independent school districts and their respective membership, election and required election procedures. Paragraph G of this section relates specifically and exclusively to school districts having more than fifty thousand (50,000) children in average daily attendance, and, to those districts which, at the effective date of the new section, had seven or more members on an existing school board. This subsection provides, in relevant part: "In school districts having more than fifty thousand (50,000) children in average daily attendance, or presently having seven or more members on the board, the following provisions shall control as to the election and service of members of the school district's board of education notwithstanding any provisions of subsection A through F of this section or Article II of Title 70, Oklahoma Statutes, to the contrary: "1. The board of education of such a school district shall be composed of seven (7) members. "2. On or before October 1, 1971, and on or before October 1, of each year following the year of the federal decennial census, it shall be the duty of the county election board of the county in which such school district or the major portion of the population of such school district is located to divide the territory of such school district into seven (7) election districts. Such election districts shall be compact, contiguous, and as equal in population as may be practicable with not more than three percent (3%) variance between the most populous and the least populous election districts. It shall be the duty of such county election board to file a copy of its resolution establishing such election districts with the board of education of such school district on or before October 1, as aforesaid." (Emphasis added) . The remaining portions of this section provide for the conducting of nomination elections, elections at large, the filing of declarations of candidacy, the numbering of election districts, candidate eligibility and other matters related to school board membership and election districts within the school district. It is our understanding that your question arises primarily under the emphasized portion of the above-quoted section which pertains to the respective times at which redistricting must be performed by the responsible county election board. More specifically, it is our understanding that within a particular independent school district (encompassed within the above-quoted section), no previous redistricting occurred; that the board of education in such district presently consists of nine members; that one or two board members' resignations are contemplated in the immediate future; and, that the subject board desires at this time to go through the redistricting procedure and accordingly reduce its membership and respective election districts to seven, all as being contemplated by the above-quoted section. The specific question thus presented is whether, under the above-quoted section, the district may now reorganize in the manner described within the statute or whether the board must wait until a later time, i.e., 1981, to accomplish such reorganization. In addressing your question, we observe the primary and cardinal rule of statutory construction which is to ascertain and declare the intention of the Legislature in enacting the provision and carry such intention into effect. Bohn v. Divine, Okl.App., 544 P.2d 916 (1975). No legislative enactment should be rendered ineffective to attain its purpose if such a construction can be avoided. McCown v. Heidler,527 F.2d 204 (1975). Rather, a statute should be construed to effectuate legislative intent. U.S. v. Ray, 488 F.2d 15
(1973); Midwest City v. Harris, Okl., 561 P.2d 1357
(1977). As noted by the Court in State ex rel. Otjen v. Mayhue, Okl., 476 P.2d 317 (1970), the construction of a statute should be reasonable in order that legislative intention in the adoption of such statute will be given expression and the object and purpose intended will be accomplished. An additional and well-noted rule of statutory construction and interpretation which we believe to be applicable to the question asked is that rule which relates to the interpretation of statutes which expressly prescribe a time for the performance of official duties. As stated at 82 C.J.S. "Statutes", 379: "Statutory provisions fixing the time for performance of acts may be either mandatory or directory, in accordance with the legislative intent, and will ordinarily be held directory where there are no negative words restraining the doing of the act after the time specified, and no penalty is imposed for delay. . ." This authority further cites the case of O'Neal v. Spencer, 47 S.E.2d 646, 203 Ga. 588, wherein it was held that where a statute directs the doing of a thing within a certain time without any negative words restraining the doing of it afterward, generally the provision as to time is directory and not a limitation of authority, and, further, that in such case, where no injury appears to have resulted, the fact that the act was performed after the time so limited will not render the act invalid. The obvious legislative intent, purpose and objective of paragraph G, with respect to Subsections 1 and 2 thereunder, was to institute a system of regular, consecutive and on-going redistricting of internal election districts so as to accommodate equity in representation as may be effected by population changes within any given school district. It is additionally obvious that in establishing the reorganization or redistricting system, it was the intent of the Legislature that the first such redistricting occur in 1971, the year following the 1970 federal decennial census, and thereafter reoccur at subsequent ten year intervals. It is equally obvious that the Legislature, in enacting this provision, contemplated that those districts which, immediately prior to the enactment of this provision, consisted of seven or more board members be composed thereafter (upon original enactment in 1971) of seven members only. This was originally contemplated to occur in 1971 upon the enactment of 70 O.S. 5-107 [70-5-107](H)(1) (1971), and was reiterated by enactment in 1972 of the present section. To construe and interpret the present provision so as to not permit the contemplated redistricting and corresponding seven member board would clearly be contrary to the legislative intent, purpose and object of the subject enactment in that such a construction would effectively delay such action until 1981, ten years subsequent to the time at which such action was intended to commence. Not only would such a construction be contrary to the intent, purpose and objective of the subject provision, but additionally such an interpretation is unnecessary in light of the absence of language contained within the statute otherwise limiting or restraining the doing of such acts after the designated date. Accordingly, under the circumstances presented wherein no such prior action has been previously taken, we interpret the subject provision so as to allow such duty to be performed at this time and so as to allow the redistricting and reorganization to occur as originally contemplated by law. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under the provisions of 70 O.S. 5-107A [70-5-107A](G) (1978), a board of education of an independent school district, presently consisting of nine members, may legally reorganize into a seven member board and redistrict into seven election districts where such reorganization has not previously occurred as contemplated by law. However, such redistricting may only be commenced by the appropriate county election board pursuant to its responsibilities as defined by this statute. (R. THOMAS LAY) (ksg)