Bailey vs. The State.

PIERCE BAILEY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

A defendant pleading former acquittal, must show a record of acquittal. If on an indictment for murder, the defendant excepts to the judgment of the Court, and obtains a new trial, on a verdict of guilty of manslaughter, the whole record of acquittal is set aside, and there is nothing to support the inference of acquittal of murder.

Murder, in Taliaferro Superior Court. Decision by Judge THOMAS, at February Term, 1858.

At August Term, 1852, Pierce Bailey was indicted for the murder of his slave, and the grand jury returned a "true bill." At August Term, 1856, he was put upon his trial, and found guilty of voluntary manslaughter. Bailey carried the case to the Supreme Court, and at the Athens Term, Nov. 1856, that Court pronounced the following judgment:

This case came before the Court upon a transcript of the record from the Superior Court of Taliaferro county, and after argument had, it is considered and adjudged that a new trial be granted, it being the opinion of this Court that the Court below erred in not requiring the questions mentioned in the bill of exceptions to be put to the jurors as requested by the accused.

At the February Term, 1858, the defendant Bailey was again put upon his trial, and withdrew his plea of the general issue, and pleaded specially:

1st. That the former finding in this case by the jury of "voluntary manslaughter," was an acquittal of the defendant of the crime of murder, and he cannot again be put upon trial for said offence.

2d. That having been once put in jeopardy of life, upon his former arraignment and trial for the crime of murder, he cannot again be put upon trial upon the same indictment for the same crime.

The Solicitor General demurred to the foregoing pleas.

The Court sustained the demurrer, overruled the defendant's pleas, and assigned that they constituted no sufficient bar to putting defendant again upon his trial for murder as charged in the indictment.

To which decision counsel for defendant excepted.

F. H. CONE, for plaintiff in error.

T. M. DANIEL, Sol. Gen., *contra*.

*By the Court.*—McDONALD, J. delivering the opinion.

The verdict of the jury finding the plaintiff in error guilty of voluntary manslaughter was set aside and a new trial ordered at his instance. If the verdict had stood, it would have been an effectual bar, unquestionably, to another prosecution for murder, for the same homicide. The indictment charged the offence of murder only; but it was competent for the jury on the trial, not finding malice, to convict the accused of manslaughter. Such a conviction, without more, is an implied acquittal of the higher charge of murder. The plaintiff in error, when he was convicted of manslaughter, was acquitted of murder, but he moved to set aside that verdict; and this Court set it aside and ordered a new trial. When he was called for trial, after the reversal of the judgment, he withdrew his plea of not guilty, and pleaded in bar his former acquittal; and, that, having been once put in jeopardy of life for the same offence, he cannot now be put on his trial for the same crime. The latter plea was not insisted on in this Court.

A plea of former acquittal "is of a mixed nature, and consists partly of matter of record and partly of matter of fact. The matter of record is the former indictment and acquittal, the matter of fact is the averment of the identity of the offence, and of the person as formerly indicted. As to the matter of record, it is now settled to be absolutely re-

quisite to set forth in the plea, the record of the former acquittal," &c. 1 *Chit. Crim. Law,* 459.   The pleas in this case, conform to this simple rule of pleading, but go one step further and show, that the verdict relied on as an acquittal of the plaintiff in error, was set aside, and that a new trial was ordered.   The Solicitor General demurred to the pleas, and the Court below sustained the demurrer.   If the defendant rely upon the record, as he must, for his acquittal, he must plead and prove a *subsisting* record of acquittal.   It is no record if set aside.   But it is argued, that the acquittal of the offence of murder, remains, although the verdict of guilty of manslaughter is set aside.   The verdict of guilty of manslaughter is only an implied acquittal of the accused of the charge of murder, and if the verdict from which the inference is drawn, is set aside, nothing is left to sustain the inference.   The verdict and its incidents fall together.

The effect of the reversal of the judgment of the Court below, is to annul it as effectually as if it had never been rendered.   The plaintiff in error moved for the reversal of the judgment on which he proposes, now, to rely as a subsisting judgment establishing his acquittal.   The provisions in the Constitution of the United States, and law protecting a person from a second prosecution for the same offence will be enforced to its letter in favor of persons prosecuted a second time.   But he must show a record.   There can be no other evidence of either acquittal or conviction. If a party be accused of a high offence, and on an indictment therefor, he is convicted of one of inferior grade, he must be careful, how he removes the only barrier to a second trial. The State can in no case move for a new trial on the acquittal of a person indicted.   Our statute declares that in criminal cases, the jury shall be judges of the law and the facts, and the Legislature has effectually guarded this prerogative of the jury against invasion by the Courts to the prejudice of a person indicted, by enacting that on the acquittal of any defendant or prisoner, no new trial shall on any account be

Vickery vs. Benson.

granted by the Court. So imperative are the terms of the statute, that the Court will not grant a new trial on the ground that the verdict of the jury is contrary to evidence even at the instance of a defendant charged with murder, but convicted of manslaughter, so as to subject him to a second trial for murder, although the Court may believe that he ought to have been convicted of murder. *Jordan vs. The State of Georgia, 22 Ga. Rep. 558.* But a defendant relying on such acquittal must show a record of it. If he show that it has been annulled and set aside it cannot avail him. We therefore affirm the judgment of the Court below.

Judgment affirmed.