## WALLER *v.* THE STATE.

1. One who upon an indictment for murder has been convicted of voluntary manslaughter and to whom, upon his own motion, a new trial has been granted, may again be tried for murder.   The true intent and meaning of par. 8, sec. 1, art. 1 of the constitution, which declares that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial," is that one who, after conviction upon an indictment, voluntarily seeks and obtains a new trial thereon, becomes subject to another trial generally for the offense therein charged.

2. There was no material error in any of the charges or refusals to charge of which complaint is made ; the evidence warranted the verdict, and the court, therefore, did not err in refusing a new trial.

Argued May 2, — Decided May 24, 1898.

Indictment for murder.   Before Judge Felton.   Bibb superior court.   November term, 1897.

*John R. Cooper* and *Marion W. Harris*, for plaintiff in error.
*Robert Hodges*, solicitor-general, contra.

SIMMONS, C. J.   Waller was indicted for the offense of murder.   He was put upon trial, and was convicted of murder. He moved for a new trial, and, when this motion was overruled, brought the case to this court, where the new trial was granted. He was again tried in the lower court and convicted of voluntary manslaughter.   He made another motion for new trial, which was overruled by the trial court and granted by this court.   Upon his third trial, when arraigned in the lower court, he filed pleas alleging that he had been acquitted of the crime of murder by the verdict of the jury finding him guilty of voluntary manslaughter, and could not be again put in jeopardy for the same offense; that he was being denied due process of law and the equal protection of the laws; that he could not be again tried upon the indictment for murder, and the same should be quashed; and that he submitted himself for reindict-

ment for voluntary manslaughter. The State's counsel demurred to this plea; the demurrer was sustained by the court and the pleas were stricken. The trial proceeded, and Waller was again convicted of voluntary manslaughter. He moved for a new trial, and the motion was overruled by the court. To this ruling he excepted and again brought the case here for review.

1. One of the grounds of the motion for new trial is, that the court erred in striking the defendant's special pleas, and this ruling is alleged as error in the bill of exceptions also. In the argument of this point before this court, learned counsel for the plaintiff in error read and cited many authorities, opinions of text-writers, and decisions of other courts, to the effect that the pleas filed by the accused should have been sustained. We have carefully read those authorities, and frankly admit that they are from writers and courts of great respectability, and that if our laws were the same as those of the States wherein the decisions were rendered, we would be inclined to follow them as a sound exposition of the constitution and laws in regard to this matter, although there is considerable authority to the contrary. The question has never been directly decided by this court. The case of *Bailey* v. *State*, 26 *Ga.* 579, was decided at a time when the provision of our constitution upon the subject of jeopardy was the same as those of the constitutions of the United States and of the States where the decisions above alluded to were rendered. The decision in the 26 *Ga.* does not deal with this directly as a matter of constitutional rights, but as a question of pleading and evidence, as will be seen by reference thereto. We could base upon that case our decision of the present one, as the pleadings are the same; but inasmuch as the soundness of that case has been doubted and questioned by other State courts and by some of the United States circuit courts, we prefer to rest the decision of this case upon the constitution of our State. Prior to the constitution of 1865 all of the constitutions of this State had read, in regard to this matter: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense." Under the same or a similar provision many courts had held that a person who had been tried for murder, and convicted of a lower offense, was by the verdict

acquitted of the higher offense and could not be again put upon trial for it.    When the constitutional convention of 1865 (of which the writer was a member) met and organized, Charles J. Jenkins was appointed chairman of the committee to draft a new constitution.    He was at that time a member of the Supreme Court of Georgia, and had served for several years. Judge Jenkins had doubtless read the various opinions of the courts and text-writers upon this question; and in order to put the question at rest in this State, he added to the provision of the older constitutions the words: "save on his or her own motion for a new trial after conviction, or in case of mistrial." This addition was adopted by the convention and became a part of the constitution of this State.    It was subsequently readopted by the conventions of 1868 and 1877, and forms part of our present constitution.    If, prior to its adoption, the accused had the absolute right to which many of the decisions above referred to held him entitled, this right has since that time existed only in a modified form.    The State said to the accused: "If you are indicted for a major offense and convicted of a minor, and a new trial is granted upon your own motion, you may be a second time tried for the major offense.    You may, under former constitutions, have had an absolute right to insist upon your acquittal of the major offense so as to subject you to retrial for the minor only; but your right is now so modified that, if you obtain a new trial upon your own motion, you may be again tried for the larger offense."    Thus the State in its organic law spoke to the accused as did Judge Grier to Grimes and Williams in the case of U. S. v. Harding, 1 Wall, Jr. 127, quoted in Bohannon v. State, 18 Neb. 57, s. c. 24 N. W. 398.    A reading of his address will show that Judge Grier put the right of the government to try Grimes and Williams a second time upon the doctrine of waiver.    He thought that if they were granted a new trial upon their own motion, they had waived the constitutional guaranty.    We do not base our decision in the present case upon that doctrine, but upon the constitution itself.    It expressly excepts certain cases from its guaranty that a person shall not be put in jeopardy more than once for the same offense.    The State, for the purpose of protecting

society against crime and criminals, reserved the right to place more than once upon trial for the same offense persons accused of crime who had upon their own motion been granted new trials. Waller made his motion for a new trial and obtained it with a knowledge of this constitutional provision. He therefore can not complain of his having been again put upon trial for murder, although the jury may, in the other trial, have found him guilty of manslaughter only.

We are strengthened in our view of the meaning of this provision of our constitution by the decisions of the courts of other States in regard to statutes upon this subject. The legislatures of the States of Kentucky, Indiana, Kansas, and possibly other States adopted acts providing that "the granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in argument." This is the Kentucky statute, and those of Indiana and Kansas are substantially the same. Under this statute, the Court of Appeals of Kentucky, in the case of Com. *v.* Arnold, 83 Ky. 1, held that "Where a new trial is granted to one who has been convicted of manslaughter under an indictment for murder, he is in the same position as if no trial had been had, and may be again tried for murder." The court held the statute to be constitutional, and on it mainly based the decision. In the case of Veatch *v.* State, 60 Ind. 291, the same ruling was made by the Supreme Court of Indiana. Worden, J., after quoting a statute similar to the one above cited, said: "Now, it would seem that if a party takes a new trial in a criminal case, he takes it on the terms prescribed by the statute, and consents to be placed 'in the same position as if no trial had been had.'" Under a similar statute, the same ruling was made in the case of State *v.* McCord, 8 Kans. 232, 242. See also State *v.* Behimer, 20 Ohio St. 572; Bohannon *v.* State, supra. Cases based on statutes are cited simply because we think that if the act of a legislature has such effect, a constitutional provision should have even more weight with the courts in determining the question of former jeopardy. Under our view of our constitution, the trial judge did not err in striking the special pleas filed by the accused.

2. We have examined the motion for a new trial, and find no such material errors in the charges or rulings complained of as would authorize us to grant a third new trial. The charge of the court as to mutual combat, while not free from criticism, could not, in our opinion, be harmful to the accused. What error it contained worked rather in his favor. The brief of evidence shows that there was sufficient evidence to authorize the court to charge upon the subject of mutual combat. The evidence was sufficient to support the finding of the jury; and inasmuch as three successive juries have found the accused guilty, once of murder and twice of manslaughter, and the trial judge is satisfied with this verdict, we do not feel authorized to set it aside upon the ground that it is contrary to the weight of the evidence.    *Judgment affirmed.*    *All the Justices concurring.*