### PERDUE *v.* THE STATE.

1. A defendant who on his own motion secures a reversal of a conviction of voluntary manslaughter under an indictment and trial for murder is subject to a new trial generally, and can not successfully plead that the first trial was a former acquittal of the charge of murder, or a former jeopardy for that offense.

(*a*) Under such facts, where upon such second trial the accused is tried for and convicted of the offense of murder, there has been no violation of art. 1, sec. 1, par. 8, of the constitution of this State, declaring: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial;" or of that part of the 14th amendment to the constitution of the United States, declaring: "nor shall any State deprive any person of life, liberty, or property, without

due process of law, nor deny to any person within its jurisdiction the, equal protection of the laws."

(b) The fifth amendment to the constitution of the United States, in which it is provided: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law," relates to the operation of the Federal government, and imposes no limitation on the power of the States.

2. The law provides that Pike superior court shall be held on the first Monday in every October, and that Henry superior court (which is in the same circuit and presided over by the same judge) shall be held on the third Monday in every October. The trial of a murder case pending in Pike superior court during the October term was carried over to the third Monday in October, when a mistrial was declared on the morning of that day, and Pike superior court was adjourned at 8:30 a. m. The presiding judge opened Henry superior court at 10:15 a. m. the same day. Held: (a) The two courts were not in session at the same time. (b) The holding of Pike superior court on the third Monday in October and the declaring of a mistrial on that day were not illegal.

MARCH 18, 1910. REHEARING DENIED MARCH 29, 1910.

Indictment for murder. Before Judge Reagan. Pike superior court. November 24, 1909.

A. A. Murphey, E. F. Dupree, R. L. Berner, John R. Cooper, and E. M. Owen, for plaintiff in error.

John C. Hart, attorney-general, J. W. Wise, solicitor-general, O. H. B. Bloodworth, J. F. Redding, and J. Y. Allen, contra.

HOLDEN, J. The defendant was indicted for murder, in Pike superior court, and upon his first trial was convicted of manslaughter. This verdict was set aside by the Court of Appeals. At the October term, 1909, he was again put upon trial, and on Saturday night of the second week of that court the jury had the case under consideration. The jury were kept together until the following Monday morning, when, upon their stating that there was no chance to make a verdict, the court passed an order declaring a mistrial. The October term of Pike superior court was fixed by law to begin on the first Monday in October, and Henry superior court was fixed by law to begin on the third Monday in October, which was October 18th, the day on which the mistrial was declared. Both of these courts are in the Flint judicial circuit, which is presided over by Hon. E. J. Reagan, the judge who declared the mistrial. Henry superior court was not adjourned or postponed by any order of the

judge, or the clerk, but the judge continued to hold Pike superior court until 8 : 30 a. m., and adjourned the same until the fourth Monday in November, 1909, and, after so doing, proceeded to McDonough, Georgia, where he opened Henry superior court at 10 :15 a. m. on the same day. In November, 1909, the defendant was put upon trial the third time, and found guilty, with recommendation of mercy. Upon that trial, he filed a plea of former jeopardy, alleging the matters hereinabove set forth, and contending that it was illegal for the judge to continue to hold Pike superior court on October 18, 1909, under the facts stated, as the superior courts of Pike and Henry counties could not be open or in session at the same time; and to the order of the court, striking the plea referred to, the defendant filed exceptions.

1. There is no merit in the assignment of error that the court committed error in directing that an unsigned order appearing on the minutes and placed there by the clerk of his own motion, stating that the court took a recess on Saturday night, the 16th of October, until Monday morning, the 18th of October, be expunged from the minutes. Whether such order was authorized by the court is of no material importance in considering the questions involved in this case, the plea of the defendant alleging that Pike superior court was held by the judge on Monday morning, the 18th of October, when he declared a mistrial in the case. Nor is there any merit in that part of the plea wherein it is contended that the defendant having been convicted of voluntary manslaughter and a new trial granted, he could not thereafter under the same indictment be put upon trial for any greater offense than the one for which he was formerly convicted. The indictment charged him with murder, and the fact that a verdict for a lesser offense was set aside on his motion can not operate to prevent the State from securing his conviction on a second trial of the offense charged in the indictment. He was convicted in the first instance under an indictment charging murder. The effect of a reversal of the former conviction was to wipe out the verdict of voluntary manslaughter and render nugatory the trial in which that verdict was rendered, and remand the case for a trial de novo under the indictment charging murder. Such new trial, asked for and obtained by the defendant on his own motion, is to be had just as if the trial convicting him of manslaughter was never had. Where the defendant

under an indictment for murder is convicted of voluntary man-slaughter, and a new trial is granted upon his motion, he can be put upon trial again under such indictment and convicted of murder without violating art. 1, sec. 1, par. 8, of the constitution of the State of Georgia, declaring that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial;" or the 14th amendment to the constitution of the United States, providing: "nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." *Brantley* v. *State,* 132 *Ga.* 573 (64 S. E. 676, 22 L. R. A. (N. S.) 959). It is also contended that such action on the part of the State court violates that clause of the fifth amendment to the constitution of the United States, providing: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." This amendment was intended to operate on the Federal government, and not to limit the powers of the States in regard to their own people. *Brantley* v. *State,* supra.

2. The defendant was not convicted upon his last trial at the October adjourned term of Pike superior court, but at a special term. On the third Monday in October the judge passed an order adjourning the October term of Pike superior court to the fourth Monday in November; and it is alleged in the plea that the court, "on the 23d November, vacated the panel of jurors drawn for that term, on the ground that the same was not a legal term of the court, and this was done on motion of defendant." We do not think that this action of the judge could invalidate the holding of Pike superior court on the morning of the 18th of October, nor the order declaring a mistrial of the case on that day. The contention of counsel for the defendant is, that the action of the judge, in declaring a mistrial of the case pending in Pike superior court on the morning of the day when the term of Henry superior court was fixed by law to begin, was illegal, there having been no postponement of Henry superior court to a time beyond that when the order for a mistrial was entered; and that, as the mistrial was improperly

granted and the jury had dispersed without a mistrial being prop-. erly granted, it was error to strike the plea of former jeopardy when he was again put on trial.  Counsel contends that the second trial of the defendant, whereupon he was convicted of murder, was a violation of the provisions of the constitution of the State of Georgia and the provisions of the constitution of the United States referred to in the preceding division of the opinion.

Henry and Pike counties are in the same judicial circuit, and there is but one judge of that circuit.  Conceding, without deciding, that the action of the judge would be void if both courts were being held at the same time, was the action of the judge in carrying the trial of the case over to the third Monday in October, when the regular term of Henry superior court was to begin, and in passing an order on that date declaring a mistrial, invalid?  The law fixes the time when Pike superior court shall begin, but does not expressly specify any time when it shall end, except in so far as such time is specified in the general law providing that the judge shall adjourn the regular and adjourned terms of all superior courts "at least five days before the commencement of the next regular term."  If any other limitation under the law exists, it could only be one implied by the law fixing a time when the term of another superior court in the same circuit is to begin.  It has been held: "So long as the superior court is not finally adjourned for the term, the term continues though other courts in the circuit be held in the meantime."  King v. Sears, 91 Ga. 577 (8), (18 S. E. 830).  The law fixes the third Monday in October for the October term of Henry superior court to begin, but fixes no time during that Monday for the court to be opened by the judge. Hence, under the law, he could legally open the court at any time after 12 o'clock of the night preceding and before 12 o'clock of the night of that day, and the court would be opened and held on the day fixed by law for its October term to begin.  Whether or not the holding of Pike superior court beyond the time when the judge had a right to open Henry superior court would cause the holding of Pike superior court after such period had expired to be illegal need not be considered, because such a situation does not arise in this case, for the reason that the adjournment of Pike superior court was had before this period expired and the judge did open Henry superior court on the day fixed by law for that term of the

court to begin. Until the judge arrived and opened Henry superior court on the third Monday in October, the October term of that court could not be said to have been held, or to be in session; and until a judge qualified to hold the superior court of that county had arrived and opened it, it could not be said that there were two courts of the same circuit in session at the same time simply because another court of the same circuit was in session upon that day but before Henry superior court was opened. The Civil Code, § 4340, provides that the superior courts shall be held by one or more of the judges of the superior courts at the several times prescribed by law. The law fixes a time for the court to be held and the term to begin, but no court is held unless a judge is there to hold it. The holding, or a session of the court, is postponed until such judge arrives and begins a session. The law provides by whom the court may be held; and until held by such person, it can not be said that it was ever held at all. The presence of the judge is an indispensable prerequisite to the court being opened and beginning its session. In Works on Courts and their Jurisdiction, p. 1, it is said: "To constitute a court, the judges must be in the discharge of judicial duties at the time and in the place prescribed by law for the sitting of the court." The fact that the law prescribes the time and place for the court to be held does not of itself cause the court to be in session at such time and place. When the presiding judge passed an order on October 18th, declaring a mistrial in the case against the defendant pending in Pike superior court, he was then holding that court, and neither he nor any other judge up to that time had opened or begun to hold Henry superior court. It can not, therefore, be said that the judge was holding two courts in his circuit at the same time, or that two courts in such circuit were in session at the same time. The action of the judge in holding Pike superior court and declaring a mistrial on the third Monday in October was not illegal, nor was the jury improperly discharged; and the court committed no error in striking the defendant's plea. In this connection see State of Iowa v. Knight, 19 Iowa, 94; Mendum v. Commonwealth, 6 Rand. (Va.) 704; Lipari v. State, 19 Tex. 431, 433.

   *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*