25359. STAGGERS v. THE STATE.

ARGUED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969.

*Heyman & Sizemore, Benjamin H. Oehlert, III,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight,* for appellee.

Mobley, Presiding Justice. For decision is whether the appellant can be tried again for a crime of which he was convicted, which conviction was reversed by the Court of Appeals for insufficiency of evidence. The appellant contends that to try him again would violate the double jeopardy provisions of the Fifth Amendment of the United States Constitution (*Code* § 1-805), and Art. I, Sec. I, Par. VIII (*Code Ann.* § 2-108) of the Constitution of Georgia.

The appeal is from the judgment of the trial court denying a petition for writ of habeas corpus, which denial is enumerated as error.

■ The Constitution of Georgia, Art. I, Sec. I, Par. VIII (*Code Ann.* § 2-108) provides: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial."

The appellant here was tried and convicted of molesting a minor child, and that judgment, on appeal by him, was reversed by the Court of Appeals. While in custody awaiting trial under the same indictment, he filed this petition for writ of habeas corpus. Obviously, under the Georgia Constitution (*Code Ann.* § 2-108) his appeal is without merit, as the new trial was "on his own motion" and was procured by him. See *Waller v. State*, 104 Ga. 505 (1) (30 SE 835); *Arnold v. State*, 88 Ga. App. 710 (3) (77 SE2d 550). In *McGee v. State*, 97 Ga. 360 (23 SE 831); and *Massey v. State*, 222 Ga. 143 (1) (149 SE2d 118), where the defendant was tried on a new indictment other than the indictment on which he was first tried and convicted, this court held that his plea of former jeopardy was without merit, as he waived the right to plead former jeopardy when he secured a new trial through his own efforts. Having procured the new trial the appellant here can not complain that to try him again places him in double jeopardy in violation of the State Constitution.

■ As to whether another trial would violate the double jeopardy provision of the United States Constitution, counsel for the appellant, in his brief, states: "It is normally, in fact uniformly, held that where the defendant himself procures . . . a new

trial upon his own motion therefor, the provisions against being put once again in jeopardy for the same offense do not apply." He observes that the basis for this holding is estoppel, and submits that this case differs from the normal situation, where there has been some error committed in the trial of a case which requires a new trial, whereas here there was a fair trial and no error committed therein, but there was simply not sufficient evidence to convict. Under those conditions, he contends, there has been an acquittal, and to try the appellant again puts him twice in jeopardy for the same offense.

With this contention we do not agree. The appellant was tried and convicted. He was found "guilty." The Court of Appeals reversed on the ground that the evidence did not establish that the child was under 14 years of age. The reversal of the conviction merely set aside the previous conviction and left the defendant just where he was before the first trial, under indictment facing trial. "When appellant was granted a new trial, it wiped the slate clean as if no previous conviction and sentence had existed." *Salisbury v. Grimes*, 223 Ga. 776, 778 (158 SE2d 412).

Counsel for the State cites and discusses a number of United States Supreme Court decisions on the question of double jeopardy, none of which requires this court to hold that the double jeopardy provision of the United States Constitution is violated by a retrial of this appellant.

*Judgment affirmed. All the Justices concur.*