## 29893. MIDDLEBROOK v. ALLEN.

HALL, Justice.

Lorenzo Middlebrook, presently confined in the Carroll County Correctional Institution, filed a petition for habeas corpus in the superior court of that county. The petition was denied without an evidentiary hearing. His subsequent "Motion for Rehearing" was also denied, and he appeals to this court.

Middlebrook seeks to attack a sentence for escape to be served in the future consecutive to other, present, sentences. A petitioner may properly bring an attack by habeas corpus on a future consecutive sentence (Peyton v. Rowe, 391 U. S. 54 (88 SC 1549, 20 LE2d 426)), and the superior court was in error in basing its judgment adverse to him on the alternative ground that he sought to attack a sentence he was not presently serving.

On the merits Middlebrook cannot prevail, however, because his claim is that his 1973 sentence for escape violates his constitutional right against being twice placed in jeopardy for the same offense, because prior to his 1973 escape trial he was subjected to various in-prison administrative punishments for escape. The right against double jeopardy protects only against being twice placed in jeopardy of *criminal* punishment for the same offense.

The Fifth Circuit has specifically ruled that this constitutional right is not offended when one is criminally convicted and sentenced for escape and is also subjected to administrative in-prison punishments for the same escape. United States v. Lepiscopo, 429 F2d 258 (5th Cir. 1970); Mullican v. United States, 252 F2d 398 (5th Cir. 1958). Accord, Hutchison v. United States, 450 F2d 930 (10th Cir. 1971). Cf. *Alexander v. State,* 129 Ga. App. 395 (199 SE2d 918) (criminal punishment plus license revocation). The superior court did not err in ruling without holding an evidentiary hearing that the petition, even if true, was subject to dismissal for failure to state grounds for habeas corpus relief.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1975 — DECIDED MAY 27, 1975.

Lorenzo Middlebrook, *pro se.*