## 59413. JACKSON v. THE STATE.

CARLEY, Judge.

This is the second appearance of this case before this court. In *Jackson v. State,* 149 Ga. App. 496 (254 SE2d 739) (1979), appellant's conviction of aggravated assault was reversed because the trial judge denied appellant's motion to participate as co-counsel in his own defense. It was held that appellant had a right to such participation under our state constitutional provision that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." Code Ann. § 2-109 (formerly § 2-104). Following the reversal of appellant's conviction on this ground, he was again brought to trial for aggravated assault, and participated therein as his own co-counsel. Appellant was found guilty at this second trial and the instant appeal is from this second conviction.

1. Appellant first enumerates error upon the denial of his plea of former jeopardy. His argument in this regard is based upon the wording of Code Ann. § 2-115, the state constitutional double jeopardy provision: "No person shall be put in jeopardy of life or liberty more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." Appellant argues that since he filed no motion for new trial but appealed his former conviction directly to this court and secured a reversal, the subsequent trial after such reversal was in violation of the constitutional provision which "saves" from the double

jeopardy prohibition only such retrials as are the result of the defendant's "own *motion for a new trial* after conviction." (Emphasis supplied.) It is urged that since the reversal of his former conviction by this court was secured by means of a direct appeal rather than by appeal from the denial of a motion for new trial, his plea of former jeopardy was erroneously denied. This argument is clearly without merit. "The true intent and meaning of [Code Ann. § 2-115] . . . is that one who, after conviction upon an indictment, voluntarily seeks and obtains a new trial thereon, becomes subject to another trial generally for the offense therein charged." *Waller v. State,* 104 Ga. 505 (1) (30 SE 835) (1898). Thus, procedurally, it matters not how a defendant obtains a new trial — by direct appeal from the judgment of conviction or after the denial of his motion for new trial, should he choose to file one. Code Ann. § 6-702. If a defendant voluntarily seeks reversal of his conviction and a new trial and is successful, he will not be heard to complain that to try him again places him in double jeopardy in violation of the state constitution. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430) (1969).

2. Appellant next contends that because he exercised his right to act as his own co-counsel the trial judge treated him unfairly. His motion for mistrial on this ground was denied and this is enumerated as error. The citations to the transcript in support of the claim of "unfair treatment" refer to instances where the trial judge would not allow appellant to "testify" when he should have been conducting cross examination of witnesses. We find no error in the trial judge's actions or in his refusal to grant a mistrial.

" '[T]he constitutional provision here sought to be invoked by [appellant] is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted and to preserve the order and decorum of the trial to the furtherance of justice . . . The discretion of the trial judge in regulating the conduct of counsel, parties, and the witnesses, and in prescribing the manner in which the business shall be conducted, *including the manner in which the prisoner shall exercise his constitutional right of defense in person,* is broad and is ample to enable him in any case to effect the purposes for which it is inherently his . . . This discretion of the trial court in assuming the general superintendence and control of the litigation before it is a point of extreme delicacy with which we are reluctant to interfere, and interference will not be had unless there appears in the case something to demand imperatively the corrective interposition of this court.' [Cit.]" *Jackson v. State,* 149 Ga. App. 496, 498, supra. The transcript in the instant case clearly demonstrates that the

actions of the trial judge complained of by appellant were taken by the judge within his inherent authority and discretion to regulate and govern the manner by which appellant sought to exercise his right of self-representation. This authority and discretion of the trial judge was in no way or manner exercised so as to deprive appellant of that right. And, certain other remarks of the trial judge made in a colloquy with counsel outside the presence of the jury are not grounds for a mistrial. *Garrick v. Tidwell,* 151 Ga. 294, 301 (6) (106 SE 551) (1920). There was no error.

3. Appellant next urges that the trial judge erroneously allowed the jury to disperse for the night after the first day's deliberations without charging them "not to discuss the case among themselves or with anyone else or to permit anyone to discuss it with them, not to read newspaper articles about the case, and not to listen to radio or television reports concerning the case during the recess of the court." *Atlanta Newspapers, Inc. v. State of Ga.,* 216 Ga. 399, 400 (4b) (116 SE2d 580) (1960). "This would have been a proper admonition. [Cits.] However, counsel for the appellant made no request for such instruction." *Mason v. State,* 239 Ga. 538, 540 (238 SE2d 79) (1977). And, contrary to appellant's assertion in his brief, upon request the trial court did give this admonition to the jury prior to their dispersal for lunch on the following day. This enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED APRIL 17, 1980.

*Millard D. Fuller,* for appellant.
*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney,* for appellee.