## 64152. PATTERSON v. THE STATE.

DEEN, Presiding Judge.

Our Constitution, Art. I, Sec. I., Par XV, Code § 2-115, provides in part that no person shall be put in jeopardy more than once for the same offense, save on his own motion for a new trial after conviction. Patterson was convicted of armed robbery, and sought a new trial

because of the state's failure to prove venue by evidence considered necessary to such proof in prior judicial decisions of the state as, for example, *Murphy v. State,* 121 Ga. 142 (48 SE 909) (1904). See *Patterson v. State,* 157 Ga. App. 233 (276 SE2d 900) (1981). Following this, Patterson moved for an acquittal based on double jeopardy for constitutional reasons. The denial of the motion was appealed to the Supreme Court, which transferred the case to this court (*Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982)) thus adjudicating that no constitutional question is involved. *Denton v. State,* 154 Ga. App. 427 (2) (268 SE2d 725) (1980). It was held in *Burns v. State,* 191 Ga. 60, 66 (5) (11 SE2d 350) (1940) that where the verdict is not absolutely void and the defendant moves for and is granted a new trial, a plea of former jeopardy will not lie. A defendant waives the right to plead former jeopardy when he secures a new trial through his own efforts. *Staggers v. State,* 225 Ga. 581 (1) (170 SE2d 430) (1969).

The defendant contends, however, that this rule must be altered because of recent decisions of the Federal Supreme Court to the effect that once a reviewing court has found the evidence upon a criminal trial legally insufficient to support a verdict of guilty, the only just remedy available to that court is the direction of a judgment of acquittal. Burks v. United States, 437 U. S. 1, 18 (98 SC 2141, 57 LE2d 1, 14). Burks also held that reversals based not on insufficiency of evidence but rather on trial error were not subject to this rule, the reason for which is that a governing authority must not be allowed to harass a citizen by multiple trials for the same offense hoping by the addition or subtraction of its evidence on a subsequent trial to procure a conviction where the first attempt failed. This decision has been followed in Greene v. Massey, 437 U. S. 19 (98 SC 2151, 57 LE2d 15) and Hudson v. Louisiana, 450 U. S. 40 (101 SC 970, 67 LE2d 30) (1981). Trial error, as considered in these decisions means a judicial process which is defective in some fundamental respect, rather than the lack of evidence relating to the guilt of the accused.

Federal case law has frequently differentiated between the quantum and effect of evidence relating to the place where the crime occurred and that showing that it was committed by the defendant on trial. "Although the Government bears the burden of proving venue, the standard is less stringent than for the substantive elements of the offense. The prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense." United States v. Turner, 586 F2d 395 (1) (1978). The federal cases also hold that venue may not only be changed but waived at the instance of the defendant. See United States v. Choate, 276 F2d 724; Harper v. United States, 383 F2d 795. Georgia has long followed the

same reasoning. Jurisdiction of the person is only obtained by the court of trial where under the operative statute the court has jurisdiction to try the offense and the defendant; in other words, where proper venue is established. Where there is no such jurisdiction and it has not been waived the ensuing judgment is void and double jeopardy has not attached. *McCoy v. State,* 62 Ga. App. 575 (8 SE2d 795) (1940); *Walker v. State,* 22 Ga. App. 765 (97 SE 195) (1918); *Barrs v. State,* 22 Ga. App. 642 (97 SE 86) (1918); *State v. Ramsey,* 143 Ga. App. 191 (237 SE2d 666) (1977). Venue is indeed jurisdictional in this state so as to allow its being raised by the general grounds of a motion for a new trial. *Parks v. State,* 212 Ga. 433 (93 SE2d 663) (1956). It does not, however, go to the guilt or innocence of the accused and thus is not substantive in the manner indicated by Burks and its progeny. In Burks the appellate court found the evidence of criminal responsibility offered against the defendant on his plea of insanity at the time of commission of the crime totally insufficient to carry the state's burden. In Greene, this defendant was indicted as trigger man in a murder for hire, and the reviewing court held that evidence was lacking to establish his guilt of this offense beyond a reasonable doubt. Lack of evidence of guilt was also the turning point in Hudson. We accordingly find nothing in these or similar cases which would constitute controlling authority to the contrary of accepted Georgia law denying the grant of a double jeopardy acquittal on the issue of venue alone.

The judgment denying the double jeopardy plea is
*Affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 26, 1982.

*Daniel J. Craig,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.