## 68454. HARDIN v. THE STATE.
(322 SE2d 540)

CARLEY, Judge.

A two-count indictment was brought against appellant and eleven other co-indictees. Count I alleged that appellant and his co-indictees had trafficked in more than 2,000 but less than 10,000 pounds of marijuana in violation of OCGA § 16-13-31 (c) (2). Count II alleged a conspiracy to traffick in marijuana in violation of OCGA § 16-13-33. Pursuant to appellant's motion, he was tried separately from his co-indictees. The trial was before a jury, and a guilty verdict as to each count was returned. Appellant's motion for new trial was denied and he appeals from the judgments of conviction and sentences entered on the jury's verdict.

1. Appellant enumerates the general grounds. The evidence adduced at trial, construed most strongly in support of the verdict, authorized the following findings: A GBI agent successfully infiltrated a drug conspiracy related to the transportation of marijuana. The agent reached an agreement with certain members of the conspiracy to provide a "stash site" for the contraband. The facts relevant to this part of the drug conspiracy are set forth in the appeal of one of appellant's co-indictees and will not be repeated here. See *Blackston v. State*, 172 Ga. App. 172 (322 SE2d 300) (1984). After making these arrangements, the agent became privy to the scheme to transport the marijuana in a ten-wheel truck which bore a stolen tag. Before the actual transportation began, one of the conspirators told the agent that "we got a Georgia State Patrol Trooper and a County Unit to escort us out to the site." Thereafter, a caravan began, with the vehicle occupied by the agent leading the truck containing the marijuana. A short time later, a Georgia State Patrol vehicle joined the caravan by pulling in front of the agent's vehicle. A short time after this, the agent observed what he later identified as a Department of Natural Resources (DNR) vehicle following the truck. At some point, the two official vehicles apparently traded places because the DNR vehicle

took the lead and the agent was told that the State Highway Patrol vehicle was now "pulling up the rear." As the caravan neared the stash site, the agent's vehicle and the truck turned off the main road and the two other vehicles continued down the highway. After arrests were made at the stash site, officers were dispatched to locate both the State Highway Patrol and the DNR vehicles that the agent had observed in the caravan.

The State Highway Patrol vehicle was found parked at a store a short distance from the stash site. Appellant, who is a State Highway Patrolman, admitted that the vehicle was his and that he had earlier taken part in a caravan. However, appellant explained this conduct by stating that he had been looking for a "hot truck" and stolen property, coordinating this law enforcement effort with a DNR employee. Appellant was arrested, however, and approximately $1,110 in cash was found in his possession. The DNR employee who drove the other vehicle was arrested a short time later with approximately $1,500 in his possession.

The evidence further showed that appellant had no work assignment which would require coordination with DNR or which would have taken him to the vicinity of the stash site. Indeed, the caravan had taken place at a time during which appellant was not regularly scheduled for duty, and his use of the official vehicle was not authorized. Although it was possible to check for stolen vehicles by use of the radio in the State Highway Patrol vehicle, no such requests from appellant had been received on the night of his participation in the caravan. In fact, no official radio communication from appellant had been received at all and another officer who had observed the caravan had tried to make radio contact with the State Highway Patrol vehicle but had not received a response.

This evidence was sufficient to authorize a finding that appellant was a party to the crime of trafficking in marijuana. "Any person who knowingly sells, manufactures, grows, *delivers*, brings into this state, or has actual possession of a quantity of marijuana exceeding 100 pounds commits the offense of trafficking in marijuana . . ." (Emphasis supplied.) OCGA § 16-13-31 (c). See *State v. Lewis*, 249 Ga. 565 (292 SE2d 667) (1982). " '[P]resence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " *Jones v. State*, 242 Ga. 893 (252 SE2d 394) (1979). "The evidence offered showed more than mere presence at the scene of the crime. Instead the proof sustained the state's contention that the defendant aided and abetted in the commission of the criminal acts." *Gainey v. State*, 161 Ga. App. 343 (2) (287 SE2d 785) (1982). See also *Hughes v. State*, 150 Ga. App. 90 (256 SE2d 634) (1979); *Stevens v. State*, 158 Ga. App. 656 (281 SE2d 629) (1981).

Appellant further contends that the State did not prove that the quantity of marijuana exceeded 2,000 pounds and that his conviction for violating OCGA § 16-13-31 (c) (2) must be reversed for this reason. See *Taylor v. State*, 144 Ga. App. 534, 535 (2) (241 SE2d 590) (1978). The evidence showed that the truck was weighed both before and after it was unloaded. The truck weighed approximately 9,860 pounds less after it was unloaded. Representative samples were taken at random from 205 bales of material unloaded from the truck and those samples and two entire bales were delivered to the State crime lab. The remainder of the material was destroyed. Analysis demonstrated that the material delivered to the State crime lab was marijuana. This evidence authorized a finding that appellant was trafficking in more than 2,000 pounds of marijuana, and he was properly sentenced under OCGA 16-13-31 (c) (2). See *Lang v. State*, 165 Ga. App. 576, 579 (302 SE2d 683) (1983).

However, the very fact that appellant's conviction for trafficking in marijuana was authorized demonstrates that a conviction for conspiracy to traffick in marijuana cannot also stand. See *Crosby v. State*, 232 Ga. 599, 600 (3) (207 SE2d 515) (1974). It is "improper to convict a defendant of conspiracy to commit a specified crime, and the crime he conspired to commit. [Cit.]" *Evans v. State*, 161 Ga. App. 468, 471 (288 SE2d 726) (1982). "Where the evidence shows that the crime was complete a verdict of guilty of conspiring to commit the crime is not authorized and must be set aside. [Cits.]" *Ray v. State*, 165 Ga. App. 89, 93 (3) (299 SE2d 584) (1983).

2. Appellant enumerates as error the admission of evidence concerning other transactions. This evidence was in the form of testimony concerning a caravan which had occurred some weeks prior to that which had led to appellant's arrest and the instant trial. According to the State's witness, she had observed a caravan consisting of a State Highway Patrol car leading a ten-wheel truck, which was in turn being followed by a DNR vehicle. This other caravan had passed through an intersection in Savannah on the approximate route which was subsequently taken by appellant. The witness could not identify the drivers of any of the three vehicles. Nor could she identify the vehicles other than by generally describing them as "a State Patrol car . . . followed by a truck with a shiny back, shiny box on the back, followed by a Department of Natural Resources car, dark green car." No other evidence was presented to show that appellant drove the unidentified State Patrol vehicle in this caravan. No other evidence was adduced to show that any of appellant's co-indictees drove either the truck or the DNR vehicle in this caravan. It was never shown that the ten-wheel truck was the same one that took part in the caravan in which appellant had participated. Nothing was ever offered to show that the truck in this other caravan was carrying marijuana or other

contraband. In short, unlike *Jackson v. State*, 225 Ga. 39, 44 (4) (165 SE2d 711) (1969), there was no evidence whatsoever connecting this caravan to the conspiracy for which appellant was being tried except for the fact that it had occurred in the same city some weeks previously.

The challenged testimony was thus totally irrelevant to any issue in appellant's trial. The mere fact that three similar vehicles had driven in a particular order through an intersection in the same city some weeks before proves nothing with regard to the conspiracy for which appellant was subsequently tried. The admission of this irrelevant testimony was clearly prejudicial and requires the reversal of appellant's conviction and a new trial.

3. Error is enumerated on the trial court's questioning of appellant who had taken the stand in his own defense. We have reviewed the transcript and find no error. *Wilson v. State*, 229 Ga. 224 (2) (190 SE2d 78) (1972), overruled on other grounds, *Holcomb v. State*, 230 Ga. 525 (198 SE2d 179) (1973).

4. Remaining enumerations raise issues which are not likely to recur at retrial and need not be addressed.

5. In the event that the evidence adduced at appellant's retrial is substantially the same as that in the record now before us, the jury should be instructed that a verdict of guilty of trafficking in marijuana *or* of guilty of conspiracy to commit that crime would be authorized, but not both.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Robert P. Phillips III*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.