## 42044. McCRARY v. THE STATE.
### (329 SE2d 473)

Weltner, Justice.

Michael Wayne McCrary was indicted for malice murder. A jury acquitted him of that charge, but found him guilty of felony murder, the underlying felony being robbery. His conviction was overturned because the underlying robbery charge supporting felony murder was not included in the indictment. *McCrary v. State,* 252 Ga. 521 (314 SE2d 662) (1984). The state subsequently reindicted him for felony murder, under an indictment which set forth properly the underlying felonies. The trial court denied his plea of double jeopardy.

1. Relying on our double jeopardy statutes (OCGA §§ 16-1-7 and 16-1-8), McCrary claims he cannot be charged with felony murder, as his previous felony murder conviction was overturned.

OCGA § 16-1-8 (d) provides: "A prosecution is *not* barred within the meaning of this Code section if . . . (2) Subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." (Emphasis supplied.)

In reversing his conviction, we held: "Because we have found the evidence sufficient to support the defendant's conviction for felony murder under the test set forth in *Jackson v. Virginia,* [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)] the state may reindict the defendant properly for felony murder, *United States v. Ewell,* 383 U. S. 116 (86 SC 773, 15 LE2d 627) (1966); *United States v. Poll,* 538 F2d 845, 847 (9th Cir. 1976); but not for malice murder for which he has impliedly been acquitted, *Green v. United States,* 355 U. S. 184 (78 SC 221, 2 LE2d 199) (1957)." 252 Ga. at 525.

Having found that the evidence supports the jury's verdict of guilty of felony murder, the plea of double jeopardy under the provisions of OCGA § 16-1-8 (d) (2) is without merit.

2. McCrary next contends that he cannot be placed on trial under an indictment for felony murder by virtue of the provisions of OCGA § 16-1-7 (b), as follows: "If the several crimes arising from the same

conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in sub-section (c) of this Code section." The initial prosecution and conviction of McCrary was initiated by a single count indictment alleging that McCrary " 'did unlawfully and with malice aforethought, cause the death of Greg Barksdale Brooks, a human being, by striking and beating him with, and by throwing him against some object which is to the Grand Jurors, unknown.' " 252 Ga. at 523. The conviction of felony murder was vacated because the court instructed the jury on felony murder, with robbery as an underlying felony, when there was "nothing in the indictment fairly putting the defendant on notice that he would be required to defend himself against such a charge at trial." 252 Ga. at 525.

(a) Upon the return of the remittitur in that case, the grand jury returned a new indictment against McCrary, charging him "with the offense of: — murder for that said accused, in the County of Fulton and State of Georgia, on the 4th day of June, 1982, did unlawfully while in the commission of an aggravated assault, a felony, cause the death of Greg Barksdale Brooks, a human being, by striking and beating him with and by throwing him against some object which is to the Grand Jurors unknown. . . ."

It will be seen that this portion of the second indictment is identical to the original indictment, except for the addition of the words "unlawfully while in the commission of aggravated assault, a felony."

The indictment then continues, in the same count, to allege: "and did unlawfully while in the commission of the offense of robbery, a felony, cause the death of said Greg Barksdale Brooks by unlawfully with intent to commit theft take from the person of said Greg Barksdale Brooks twenty-five dollars in money, the property of said Greg Barksdale Brooks, by the use of force and by intimidation and by placing him in fear of receiving immediate serious bodily injury. . . ."

We have already noted, in our former treatment of this case, that "the state may reindict the defendant properly for felony murder." 252 Ga. at 525.

Clearly, the first portion of the new indictment is but the restatement of the "same conduct" as that identified in the original indictment, the only difference being the ascription to that conduct in the later indictment of being committed "unlawfully while in the commission of an aggravated assault" — the specific assault alleged being identical to the terms of the original indictment. Hence, nothing in the first portion of the new indictment contravenes the mandate of OCGA § 16-1-7 (b).

(b) As to the second aspect of the new indictment — that alleging murder in the commission of the offense of robbery — a contrary

holding is required. Nothing in the original indictment placed Mc-Crary on notice that he would be called upon to defend against a charge of robbery. Yet, plainly, it was part of the "same conduct" as the homicide, and was "known to the proper prosecuting officer at the time of commencing the prosecution" and "within the jurisdiction of a single court." OCGA § 16-1-7 (b). As such, our statute required that such a crime be presented by indictment in a single prosecution. The failure to do so constitutes a statutory procedural bar, and, as to the underlying felony of *robbery*, McCrary's contention is correct. Accordingly, McCrary may not be tried for murder in the commission of the offense of robbery. *McCannon v. State,* 252 Ga. 515 (315 SE2d 413) (1984).

3. Upon a return of the case to the trial court, the grand jury may re-indict McCrary, and he may be tried, for the offense of felony murder in the commission of aggravated assault. Or, he may be tried under the second indictment, without re-indictment, provided that the improper portion of the indictment is appropriately masked from the knowledge of the jury, and that the case is not submitted to the jury on the theory of felony murder while in the commission of robbery.

4. Should the state choose to re-indict McCrary under the terms of this opinion, no direct appeal, prior to trial upon such a re-indictment, will be entertained by this court upon any subsequent plea of former jeopardy.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., Clarke, and Gregory, JJ., who dissent.*

GREGORY, Justice, dissenting.

I respectfully dissent. OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this code section." (Subsection (c) authorizes the court in the interest of justice to order two or more charges tried separately.)

In my view when a criminal conviction is reversed on appeal for error committed at the trial, and a new trial is granted to the defendant, there is but a single prosecution. To hold otherwise would mean a criminal defendant who loses at trial but wins on appeal goes free, much as is done in the English system. But our system is entirely different. It allows for new trials and there is nothing in OCGA § 16-1-7 (b) to cause us to hold otherwise.

Decided April 16, 1985 —
Rehearing denied May 28, 1985.

*Michael Edward Bergin,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.