73013. ROWE v. THE STATE.
(352 SE2d 813)

BEASLEY, Judge.

In pre-dawn darkness and acting on information, customs agents and members of the Metro Drug Squad observed a vessel registered to appellant as master and his wife as owner enter a Savannah River inlet, turn off running lights and tie up at a commercial dock. Shortly, several persons, including one who resembled appellant, boarded for a brief time and then departed. The officials, fearing the boat's departure before they could board if they waited to obtain a warrant, conducted a warrantless search and found nearly 22,000 lbs. of marijuana. In the early morning several persons, including appellant, returned and were arrested by waiting officers. Appellant and others were indicted on a charge of possession of more than one ounce of marijuana with intent to distribute.

In a bench trial appellant was found guilty not of the crime charged in the indictment but of *conspiracy* to possess marijuana with intent to distribute. This court reversed the conviction on the grounds that Georgia law regards conspiracy as a lesser included offense *only* if the substantive crime is not completed, and that, because the evidence did not support a conviction of conspiracy, the conviction could not stand. *Rowe v. State,* 166 Ga. App. 836 (305 SE2d 624) (1983). Not addressed was the second enumeration of error dealing with the denial of a motion to suppress evidence obtained during the allegedly illegal search of the boat.

Appellant then pleaded former jeopardy, which plea was overruled, and the case was tried before a jury on the same indictment. Appellant was found guilty of possession of marijuana with intent to distribute and was sentenced. The appeal follows an unsuccessful motion for new trial and enumerates as error the denial of the motion to suppress and of the plea of former jeopardy.

1. The search of the vessel and seizure of the contraband substance were made pursuant to 19 USCA § 1581 (a), which authorizes customs officers to board a vessel or vehicle and inspect and search the vessel (or vehicle) as well as any persons and containers found aboard. *United States v. Villamonte-Marquez,* 462 U. S. 579 (103 SC

2573, 77 LE2d 22) (1983), held that customs officers, accompanied by state law enforcement officers, properly boarded a boat for inspection and, upon smelling marijuana and observing burlap-wrapped bales, properly searched the boat and found the contraband substance, so the latter was admissible as evidence. The 11th Circuit Court of Appeals, following *Villamonte-Marquez* in *United States v. Albano*, 722 F2d 690 (11th Cir. 1984), held that customs officials may properly board a vessel in coastal waters and inspect its documents even if that activity is a pretext to look for signs of contraband. *United States v. Bain*, 736 F2d 1480 (11th Cir. 1984), held that evidence in plain view ("view" including smell) may constitute probable cause which, in the exigent circumstances created by the boat's capacity to slip away quickly to open sea, authorizes a warrantless search. Further, customs officers at a border or its "functional equivalent, . . . including the point where a ship first docks in this country after entering our territorial waters," may conduct a full-scale search on the basis of reasonable suspicion, without the necessity of meeting probable cause and warrant requirements. See also *United States v. Sarda-Villa*, 760 F2d 1232 (11th Cir. 1985); *United States v. Moreno*, 778 F2d 719 (11th Cir. 1985). The so-called "silver platter doctrine" invoked by appellant, which forbids officials of one sovereign to turn over to another sovereign evidence inadmissible in the former's courts, is inapplicable. That theory developed out of a fact situation in which the search which produced the evidence was invalid from its inception, whereas the search here was made in full compliance with applicable law. See *Elkins v. United States*, 364 U. S. 206 (80 SC 1437, 4 LE2d 1669) (1960). The search was proper, the resulting evidence admissible, and the trial court properly denied the motion.

2. The second question is whether the trial court erred in denying the plea of former jeopardy.[1]

In the first place, after the first conviction of conspiracy to possess marijuana with intent to distribute (OCGA § 16-13-33, not OCGA § 16-4-8 as stated in *Rowe v. State*, 166 Ga. App. 836, supra), defendant sought a new trial. One of the grounds was that the crime was not an included offense in the one he was charged with committing. This court agreed and reversed the conviction. It did not direct a judgment of acquittal. It ruled that "his conviction must be set aside." It cited *Ray v. State*, 165 Ga. App. 89, 93 (3) (299 SE2d 584) (1983), which held, at the referenced division: "Where the evidence shows that the crime was complete a verdict of guilty of conspiring to commit the crime is not authorized and must be set aside." Defend-

---

[1] See now-Chief Justice Marshall's thorough analysis of federal and state double jeopardy principles in *Haynes v. State*, 249 Ga. 119, 121 (288 SE2d 185) (1982), dissenting.

ant was then afforded the new trial he had moved for.

*Jackson v. State*, 154 Ga. App. 367, 368 (1) (268 SE2d 418) (1980) states the long-standing construction of the Georgia constitutional provision regarding double jeopardy: " 'The true intent and meaning . . . is that one who, after conviction upon an indictment, voluntarily seeks and obtains a new trial thereon, becomes subject to another trial generally for the offense therein charged.' *Waller v. State*, 104 Ga. 505 (1) (30 SE 835) (1898)." The wording of Ga. Const. 1983, Art. I, Sec. I, Par. XVIII, in effect when Rowe made his plea, is somewhat different from that in the constitution cited in *Waller* and *Jackson*, but the meaning is still apparently the same in this respect, for the statute has not been changed.

*McCrary v. State*, 254 Ga. 382 (1) (329 SE2d 473) (1985), applied the Georgia statute regarding former prosecution double jeopardy and found the plea meritless. OCGA § 16-1-8 (d) does not bar the prosecution if the conviction was set aside, "unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." Here we find no basis for a conclusion that defendant was impliedly found not guilty of the charge, nor was there a finding that the evidence would not authorize a verdict on the charge.

As to the latter exception, as a matter of fact, the Court of Appeals wrote: "The evidence in the instant case established clearly that the offense of possession with intent to distribute more than one ounce of marijuana had been committed." *Rowe*, supra at 838.

The case of *Patterson v. State*, 162 Ga. App. 455, 456 (291 SE2d 567) (1982) makes clear that where the evidence in the first trial is judicially found to be legally insufficient to support a conviction of the offense charged, a judgment of acquittal may be required so as to serve the purpose of the federal double jeopardy provision to prevent a governing authority from harassing a citizen by multiple trials for the same offense, "hoping by the addition or subtraction of its evidence on a subsequent trial to procure a conviction where the first attempt failed." See *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1977). That is not the situation here; instead, it was a trial error, that is, a defect in the judicial process and not a lack of evidence.

Returning to the first exception, we do not conclude that the trial court acquitted Rowe of possession because it convicted him of conspiracy, a lesser included offense. The trouble with this reasoning is that conspiracy to possess marijuana with intent to distribute is not a lesser included offense of possession.

Clearly, it is a "separate crime," as this Court fully recognized the first time this case was before us. But it was not "lesser included" due to its facts, as the first decision found.

Neither is it lesser included as a matter of law, and that is why we cannot infer that the trial court impliedly acquitted defendant of the greater offense. It could not have done so; it simply made a mistake, a trial error, and convicted defendant of a crime which was not charged nor embraced as a lesser-included offense. The trial court, having been shown its error, considered the first a mistrial, not an acquittal of a "more serious" offense. Thus we cannot say that it impliedly acquitted. The judgment was a nullity.

The issue whether defendant had committed the offense of possession had not been resolved in the first trial. Instead, a decision had been rendered on a separate crime, which was not charged.

Why do we say that conspiracy is not, as a matter of law, a lesser-included offense here? As stated earlier, Rowe was convicted of violating OCGA § 16-13-33, not the general conspiracy statute, OCGA § 16-4-8. There is a great difference. The latter provides for only one-half the punishment which could be meted if the person committed the crime conspired to have been committed, and conspiracy even to commit capital murder is given a maximum of only ten years. The totally separate crime described in OCGA § 16-13-33 is given equal punishment status with the crime which is the conspiracy objective.

Thus, the legislature has deliberately separated out conspiracies and attempts in connection with certain controlled substances crimes and put them on the same footing. It is not a lesser-included offense, although it has sometimes been referred to as such. See *Moser v. State*, 178 Ga. App. 526, 528 (343 SE2d 703) (1986); *Price v. State*, 247 Ga. 58, 62 (273 SE2d 854) (1981). It does not come within Georgia's definition as provided in OCGA § 16-1-6. Proof of conspiracy to possess marijuana with intent to distribute is not established by the same or less than all the facts needed for possession with intent to distribute; instead, some *different* facts are required, such as an agreement. Secondly, it is self-evident that it does not call for a less culpable mental state. Both have the ultimate purpose to sell, not just possess. Finally, it certainly does not inflict a less serious injury or risk of injury.[2] In treating drug conspiracy on a par with drug possession, the legislature apparently made the policy decision that it was just as serious an offense. The element of several people conspiring and taking some overt action to distribute drugs is regarded equally, punishment-wise, as one person possessing, with intent to distribute. The implications of the multi-person involvement are often more damaging to society and more far-reaching, since a successful drug business usually requires the cooperative efforts of others. The undis-

---

[2] It should be clear that we are not discussing the principles of merger here. See, e.g., *Meyers v. State*, 174 Ga. App. 161 (329 SE2d 293) (1985); *Raftis v. State*, 175 Ga. App. 893 (334 SE2d 857) (1985); *Hardin v. State*, 172 Ga. App. 232 (1) (322 SE2d 540) (1984).

puted facts of this case bear witness to that.

Rowe, then, has no cause to assert double jeopardy. "Having procured the new trial, the appellant here cannot complain that to try him again places him in double jeopardy in violation of the State Constitution . . . The reversal of the conviction merely set aside the previous conviction and left the defendant just where he was before the first trial, under indictment facing trial." *Staggers v. State*, 225 Ga. 581 (170 SE2d 430) (1969). "A defendant waives the right to plead former jeopardy when he secures a new trial through his own efforts." *Patterson*, supra at 456.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent to the position articulated in the majority opinion, for the following reasons. Under Georgia law, conspiracy to commit a substantive offense merges with, or becomes a lesser included crime of, the substantive offense charged if and only if it is found that the substantive crime has been completed; in that fact situation the doctrine of merger prescribes that the accused be convicted of the greater — i.e., the substantive — offense only. OCGA § 16-4-8; *Kilgore v. State*, 251 Ga. 291 (305 SE2d 82) (1983); *Roberts v. State*, 242 Ga. 634 (250 SE2d 482) (1978); *Scott v. State*, 229 Ga. 541 (192 SE2d 367) (1972). If, and only if, the substantive crime has *not* been completed is conspiracy a separate offense. In Georgia, of course, as elsewhere, it is a violation of the due process provisions of the federal and state constitutions to convict one of a crime with which he has not been charged and indicted, unless the crime of which he is convicted is a lesser offense necessarily included in the crime named in the indictment. *DeJonge v. Oregon*, 299 U. S. 353 (57 SC 255, 81 LE 278) (1936); *Goldin v. State*, 104 Ga. 549 (30 SE 749) (1898). See *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982), dissenting opinion (Marshall, J.); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974).

It is clearly apparent in the instant case that in appellant's first trial, the court erroneously considered *conspiracy* to possess marijuana with intent to distribute as a lesser included offense of the substantive crime charged: possession of marijuana with intent to distribute. That court found appellant guilty not of the greater, substantive, offense, but rather of the lesser crime of conspiracy. On appeal, this court properly ruled that, in light of the principles stated, supra, the trial court erred in so treating conspiracy, and went on to hold that, because conspiracy was not charged in the indictment and in the given fact situation could not as a matter of law be considered

a lesser included offense, the conviction could not stand. *Rowe v. State*, supra.

In treating conspiracy as a lesser included offense (the only possible means by which he could have arrived at a conviction for an offense not expressly charged in the indictment), the trial court necessarily examined the evidence and found it insufficient to support a conviction of the substantive crime. In convicting on the lesser (ostensibly included) offense, the trial court thus, albeit inadvertently, by implication acquitted the accused of the greater crime of possession. When an accused has once been placed in jeopardy of punishment for the substantive crime charged and has been found guilty not of·that crime but of a lesser, purportedly included, offense, the procedural bar of double jeopardy prohibits his being tried again for the same offense upon which he was indicted. OCGA § 16-1-6; *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984); *Middlebrook v. Allen*, 234 Ga. 481 (216 SE2d 331) (1975); *Davis v. State*, 76 Ga. App. 427 (46 SE2d 520) (1948); *Jordan v. State*, 22 Ga. 545 (1857). But see *Brantley v. Georgia*, 217 U. S. 284 (30 SC 514, 54 LE 768) (1910); *Perdue v. State*, 134 Ga. 300 (67 SE 810) (1916); *Bailey v. State*, 26 Ga. 579 (1858). OCGA § 16-1-8 sets forth the conditions under which a prosecution is and is not barred by a former prosecution. Subsection (a) states that a prosecution is barred "if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: (1) [r]esulted in either a conviction or an acquittal . . ." Subsection (d) provides: "A prosecution is not barred within the meaning of this Code section if: . . . (2) Subsequent proceedings [elsewhere defined as including an appeal] resulted in the . . . reversal . . . of the conviction, *unless* the accused was thereby adjudged not guilty or *unless* there was a finding that the evidence did not authorize the verdict." (Emphasis supplied.)

Because the trial court in the original trial proceeded to render judgment on an erroneous theory of law, I would hold that appellant was subjected to double jeopardy when forced to stand trial for a second time on the same indictment. In my opinion, this error of constitutional dimensions requires reversal of the judgment below. I therefore respectfully dissent to the majority opinion.

DECIDED JANUARY 9, 1987.

*William A. Dowell*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.